UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HAAS OUTDOORS, INC.                                                                    PLAINTIFF

v.                                                                    Civil No. 1:18-cv-00024-GHD-DAS

DRYSHOD INTERNATIONAL, LLC and
JAMES K. DONOHUE                                                                      DEFENDANTS

## MEMORANDUM OPINION

On February 12, 2018, Plaintiff Haas Outdoors filed its complaint in this case. Haas Outdoors alleges that Defendants Dryshod International LLC and James Donahue began negotiations to secure a license to produce apparel using Haas Outdoors' Mossy Oak Break-Up camouflage pattern, but then proceeded to create their own pattern and trademark that violates Haas Outdoors' intellectual property rights. The parties have since filed a barrage of motions, both procedural and substantive, that the Court will address in due course.

Defendants have filed three separate motions to dismiss: one for lack of personal jurisdiction, one for improper venue, and one for failure to state a claim. Defendants have also filed a motion to transfer venue to the United States District Court for the Western District of Texas.

In response, Haas Outdoors has filed a motion to strike Defendants' motions to dismiss and motion to transfer. Haas Outdoors further moves the Court to permit it to conduct limited jurisdictional related discovery. In response to the motion to strike, Defendants move for leave to filed a combined motion to dismiss for lack personal jurisdiction and improper venue.

In this opinion and accompanying order the Court will address Haas Outdoors' motion for jurisdictional discovery [23]. Haas Outdoors asks this Court to allow it to obtain jurisdictional and

venue related discovery. When a defendant "disputes the factual bases of jurisdiction, 'the court may receive interrogatories, depositions, or any combination of the recognized methods of discovery to help it resolve the jurisdictional issue.'" *Ware v. Sailun Co.*, No. 116-CV-00003-DMB, 2017 WL 782899, at *3 (N.D. Miss. Feb. 28, 2017) (quoting *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008)). A plaintiff may oppose a defendant's motion to dismiss for lack of personal jurisdiction by seeking such discovery. *Ware*, 2017 WL 782899, at *3 (citing *Kelly v. Syria Shell Petro. Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)).

The plaintiff must demonstrate the necessity of discovery by making at least a "preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). The relevant inquiry is whether the plaintiff "presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Ware*, 2017 WL 7822899 (quoting *Fielding*, 415 F.3d at 29).

Haas Outdoors identifies several factual allegations that it contends suggest the possible existence of personal jurisdiction. First, it alleges that Defendants attempted to license its camouflage and trademark with Haas Outdoors employees located in Mississippi over email and telephone before they created the infringing pattern and mark. Second, it points to the website "DryshodUSA.com", which it alleges Defendants or some related company operate. The website allows customers to purchase Defendants' products for delivery to Mississippi and also lists several stores within Mississippi that sell Defendants' products. Third, it has produced a receipt and photo of one the allegedly infringing products purchased at a store in Aberdeen, Mississippi. *See* Receipt and Photo [25-3].

2

Defendants have, in turn, submitted several affidavits in which they state that Donohue and Dryshod are not responsible for any of the alleged contacts with Mississippi. In these affidavits, Defendants state that they do not sell, distribute, or market the infringing products, but instead simply source them for two unrelated companies: Dryshod East and Dryshod West. Defendants also state that they do not operate the "DryshodUSA.com" website.

The Court finds that the factual allegations presented by Haas Outdoors are sufficient to suggest the possible existence of personal jurisdiction. Given that there are a "laundry list" of factors a court can consider when determining whether one organization is an "alter ego" of another, the Court is of the opinion that discovery is appropriate to gather facts on the level of involvement Defendants have with the allegedly unrelated entities. *Ronaldo Designer Jewelry, Inc. v. Anne Ryan, LLC*, 74 F. Supp. 3d 783, 789 (S.D. Miss. 2015). While Defendants aver that they are wholly unrelated, the companies share a name with Defendant Dryshod, and the "DryshodUSA.com" website—allegedly run by nondefendant Dryshod East—contains a page that describes Donohue's creation of the brand, which suggests a connection with whoever operates the website. Accordingly, the Court finds that Haas' Outdoors motion for jurisdictional discovery will be granted.

An order in accordance with this opinion shall issue.

This, the 29th day of June 2018.

SENIOR U.S. DISTRICT JUDGE