UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HAAS OUTDOORS, INC.                                                              PLAINTIFF

v.                                                                    Civil No. 1:18-cv-00024-GHD-DAS

DRYSHOD INTERNATIONAL, LLC and
JAMES K. DONOHUE                                                                 DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Haas Outdoors alleges that Defendants Dryshod International LLC and James Donahue began negotiations to secure a license to produce apparel using Haas Outdoors' Mossy Oak Break-Up camouflage pattern, but then proceeded to create their own pattern and trademark that violates Haas Outdoors' intellectual property rights. Since Haas Outdoors filed its complaint in this case, the parties have filed a barrage of motions, both procedural and substantive.

Defendants began by filing three separate motions to dismiss: one for lack of personal jurisdiction [10], one for improper venue [12], and one for failure to state a claim [14]. Defendants also filed a motion to transfer venue to the United States District Court for the Western District of Texas [16].

In response, Haas Outdoors filed a motion to strike [21] Defendants' motions to dismiss and motion to transfer.[1] In response to the motion to strike, Defendants moved for leave to filed a combined motion to dismiss for lack personal jurisdiction and improper venue [43].

---

[1] Haas Outdoors also filed for leave to conduct jurisdictional discovery. The Court granted leave to do so, and that discovery period has come to an end.

1

In this opinion and accompanying order, the Court will take up the procedural motions: Haas Outdoors' motion to strike Defendants' motions to dismiss and transfer venue and Defendants' motion for leave to file a combined motion for lack of personal jurisdiction and improper venue. For the reasons set forth below, the Court finds that: (1) Defendants should have combined their jurisdiction and venue motions; (2) any error arising from Defendants' failure to combine the motions was harmless; and (3) Defendants were not required to combine their motion to dismiss for failure to state a claim with the other motions.

## Discussion

In lieu of filing an answer in this case, Defendants filed four motions on the same day: a motion to dismiss for lack of personal jurisdiction, a motion to dismiss for improper venue, a motion to dismiss for failure to state a claim, and a motion to transfer venue. Haas Outdoors argues that these motions should be stricken.

Haas Outdoors' argument rests on several points. First, it argues that Rule 12 prevents the filing of successive motions of the type Defendants have made here. Second, because Defendants' defense of improper venue was not included in the first filed motion to dismiss (which was the motion to dismiss for lack of personal jurisdiction), it argues that defense is waived. Haas Outdoors further argues that Defendants' motion to transfer venue should have been combined with their motion to dismiss for improper venue because transfer is preferable to dismissal when venue is improper. Finally, Haas Outdoors contends that the filing of multiple motions violates the spirit of Uniform Local Civil Rule 7(b)(5), which provides a movant with a combined total of 35 pages for initial and rebuttal briefs, by giving Defendants additional pages they would not normally have to make each argument. As a remedy, Haas Outdoors asks this Court to strike all four motions and order Defendants to file a combined brief containing all of their defenses, excepting the defense of improper venue, which they say has been waived.

In response, Defendants first argue that by filing all the motions on the same day, they have complied with the intent of Rule 12, and so the motions should not be stricken nor should the improper venue defense be considered waived. Second, they argue that the motion to dismiss for failure to state a claim is not prohibited by Rule 12's bar on successive motions. Finally, they argue that the motion to transfer venue is not brought pursuant to Rule 12 at all, and so it is not required to be brought alongside a Rule 12 motion to dismiss for improper venue. Besides asking this Court to deny Haas Outdoors's motion to strike, Defendants, alternatively, ask this Court to allow them to file a combined motion to dismiss for lack of jurisdiction and improper venue.

Rule 12(g)(2) of the Federal Rules of Civil Procedure states, in relevant part, that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). Thus, generally, a party may make only a single Rule 12 motion. Rule 12(h)(1) goes on to say that "[a] party waives any defense listed in Rule 12(b)(2)-(5) [including improper venue] by omitting it from a motion in the circumstances described in Rule 12(g)(2)." *Id.* 12(h)(1). The Fifth Circuit has held that when "a party seeks dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b), he must include in such motion any other defense or objection then available which Rule 12 permits to be raised by motion. If the party omits such defense or objection, Rule 12(g) precludes him from making a further motion seeking dismissal based on the omitted defense or objection." *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993). Therefore, a party must "exercise great diligence in challenging personal jurisdiction, venue, or service of process" to ensure they do not unintentionally waive any defenses. Wright et al., 5C Fed. Prac. & Proc. § 1384 (3d ed.).

3

In this matter, Defendants first filed a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). They then filed a subsequent motion to dismiss for improper venue under 12(b)(3). By a strict reading of the rules, this second motion was not allowed.

Defendants argue that they have complied with Rule 12 by submitting their motions on the same day. Defendants cite two cases from district courts in other circuits where the courts chose to disregard the fact that the defendants had filed multiple motions to dismiss on the same day. In the first case, *Premier Funding Grp. LLC v. Aviva Life & Annuity Co.*, the defendant made a motion to dismiss for lack of personal jurisdiction and a motion to dismiss for failure to state a claim in separate motions on the same day. No. CV-14-01633-PHX, 2014 WL 6885732, at *2 n.3 (D. Ariz. Dec. 8, 2014). The District Court decided that because "the two motions were submitted the same day," it would treat them as one motion and consider the defendant's personal jurisdiction defense to not be waived. *Id.* In the second case, *Orange Peach Line, Inc. v. Country Explosion, LLC*, a defendant made a 12(b)(7) motion to join and that same day filed a motion to dismiss for personal jurisdiction. No. 3:14-CV-1608, 2015 WL 222311, at *7 (M.D. Tenn. Jan. 14, 2015)[2]. There, the District Court stated that "although the rules require that [the defendant] should have joined the two motions, the court regards the error as a harmless one." *Id.*

The cases the Court has reviewed from within the Fifth Circuit provide no guidance in considering the applicability of the cases the presented by Defendants. In each of those cases, the successive Rule 12 motions were never made on the same day as the first Rule 12 motion, as it was here; in some instances, the subsequent motions were made years later. *See, e.g. Albany*, 5

---

[2] As the court in Orange noted, the defendants' motion in Orange confused several terms. The motion was styled as 12(b)(7) motion to join, even though a 12(b)(7) motion is one that requests dismissal for failing to join an indispensable party under Rule 19. Further, the defendants did not argue they were an indispensable party—that is a party who must be joined but for some reason cannot be—but rather argued that they could be joined in the action. See Id. at *7, fn. 8.

4

F.3d at 908 (two defendants filed successive motions nine days apart while another filed successive motions five months apart); *Entergy*, 2007 WL 2973998 at *1 (motions filed eight years apart); *Realtime Data LLC v. Carbonite, Inc.*, No. 6:17-CV-121-RWS, 2017 WL 4693970, at *1 (E.D. Tex. July 11, 2017) (motions filed eight days apart); *Diaz v. Estate of Lampton*, No. 3:09-CV-324-CWR, 2013 WL 3213087, at *1 (S.D. Miss. June 26, 2013) (motions filed five years apart). Thus, none of these cases speak to Defendants' argument that by filing these motions on the same day Defendants are in keeping with a key purpose of the rules—avoiding piecemeal litigation.

Haas Outdoors' also contends that Defendants' 12(b)(6) motion[3] and motion to transfer should be stricken and refiled in combination with the other motions to dismiss, arguing that Defendants filed the motions separately to circumvent this Court's page limits on motion briefs. *See* L.U. Civ. R. 7(b)(5). Defendants argue that because the motions all address separate, distinct issues, they were not required to bring them as one motion.

"Page limits are 'circumvented when a party distributes its separate but related contentions and legal challenges over several dispositive motions, each of which is accompanied by a brief that approaches the . . . page limit.' " *Thomas v. Firerock Prod., LLC*, No. 3:13-CV-00109-DMB-, 2014 WL 12541627, at *1 (N.D. Miss. Oct. 14, 2014) (quoting *Welker Bearing Co. v. PHD, Inc.*, No. 06-13345, 2007 WL 1647878, at *1 (E.D. Mich. June 4, 2007)). When a party circumvents the page limits by filing multiple motions, "the proper course is to strike the motions and direct the filing of a single consolidated motion and brief in support, combining all . . . arguments in a single filing." *Id.* This is because a single filing, even if slightly over the page limit "is vastly

---

[3] Rule 12(b)(6) motions are "explicitly except[ed] from the consolidation requirements" of Rule 12(g). Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trustees, 855 F.3d 681, 686 (5th Cir. 2017) Thus, the motion is not barred solely on the grounds that it is successive to Defendants' other Rule 12 motions.

5

preferable to a profligacy of motions-which . . . invariably triggers multiple responses and replies, supported by escalating rounds of overlapping arguments and duplicative exhibits". *Id.*

A "profligacy of motions" is exactly was has occurred in this case. The pleadings have yet to close and there are already seven pending motions in this matter before the Court, each with its own briefs, responses, rebuttals, and exhibits. At least three of those motions (the motion to dismiss for lack of personal jurisdiction, the motion to dismiss for improper venue, and the motion to transfer venue) share overlapping issues. The Court does not desire for this practice between the parties to continue.

However, the Court finds that Haas Outdoors has not suffered any prejudice by Defendants filing separate motions. Haas Outdoors has already replied to each of the motions, and by filing them on the same day, Defendants have not delayed any Court proceedings or engaged in what is typically thought of as "piecemeal litigation." Any such error caused by separate filings is ultimately harmless to Haas Outdoors. Finally, the parties must further brief the Court on the evidence found through jurisdictional discovery. Thus, the Court can cure any further problems of duplicative and overlapping replies and responses by simply requiring the parties to filed a single, combined response and reply to the jurisdiction and venue motions.

The Court also finds the motion to dismiss for failure to state a claim is dissimilar enough from the other motions to justify it being brought separately. Whereas the jurisdiction and venue motions concern whether this Court is an appropriate forum to hear this matter, the 12(b)(6) motion concerns whether some of Haas Outdoors' trademarks are sufficiently "famous" enough. Further, to require the consolidation of 12(b)(6) motions with other Rule 12 motions would be to interpret the local rules as overriding the federal rules' express exception of (12)(b)(6) motions

from the consolidation requirements of Rule 12. *See Columbia-Brazoria*, 855 F.3d at 686. Additionally, the motion to dismiss for failure to state a claim is fully briefed and the jurisdictional discovery that the Court allowed in this matter will have no bearing on that motion.[4]

## Conclusion

The Court finds that while Defendants should have combined their jurisdiction and venue motions, there was no harm in failing to do so, and it would be an unwise use of the Court's resources to strike the motions and require them to be refiled. The Court further finds that because filing the motions as separate was a harmless error, Defendants' improper venue defense has not been waived. Finally, the Court finds that Defendants were not required to combine their motion to dismiss for failure to state a claim with the other motions. Accordingly, Haas Outdoors' motion to strike and Defendants' motion for leave to file a combined motion are denied.

To prevent any further barrage of overlapping filings, Haas Outdoors shall file a combined supplemental response to Defendants' jurisdiction and venue motions; Defendants may in turn file a combined supplemental reply.

An order in accordance with this opinion shall issue.

This, the 16 day of August, 2018.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

---

[4] The Court will consider the motion to dismiss for failure to state a claim only if it finds that it has personal jurisdiction over the defendants and that venue is proper in this district.