**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

HAAS OUTDOORS, INC.                                                                                         PLAINTIFF

V.                                                                                  CIVIL ACTION NO. 1:18-cv-24-GHD-DAS

DRYSHOD INTERNATIONAL, LLC AND
JAMES K. DONOHUE                                                                                         DEFENDANTS

## ORDER

The Court conducted a telephonic status conference with counsel for the parties this same day to discuss documents produced during discovery that are now claimed to be privileged and/or protected work product. Plaintiff has sequestered the documents in question, and as the receiving party, is responsible for submitting the issue to the Court for resolution. *See* Fed. R. Civ. Proc. 26 (b)(5)(B).

There was dispute during the telephonic conference regarding which party is responsible for filing the initial motion with the Court. Rule 26 provides, in pertinent part:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. Proc. 26 (b)(5)(B).

While Plaintiff may disagree with the basis provided, Defendants have provided a basis for the privilege and Plaintiff has sequestered the documents. The rule provides that the party sequestering "may promptly present the information to the court under seal for a determination of the claim." The permissive "may" is used in this instance because the receiving party could simply

return or destroy the documents alleged to be privileged and there would be nothing for the Court to resolve. The Advisory Committee Notes following the 2006 Amendments make clear that it is incumbent upon the receiving party to present the matter to the Court: "[T]he receiving party must decide whether to challenge the claim and may sequester the information and submit it to the court for a ruling on whether the claimed privilege or protection applies and whether it has been waived." "The receiving party may present to the court the questions whether the information is privileged or protected as trial-preparation material, and whether the privilege or protection has been waived."

IT IS, THEREFORE, ORDERED that Plaintiff shall have fifteen days from the date of this Order to submit this matter to the Court by appropriate motion or the documents in question will be deemed privileged and/or protected work product.

SO ORDERED, this the 4th day of October, 2018.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE